**ANDREWS v. CHESAPEAKE & POTOMAC TELEPHONE CO. et al.**

**Civ. A. No. 1345-49.**

United States District Court
District of Columbia.

May 11, 1949.

See also 83 F.Supp. 966.

Charles E. Ford, of Washington, D. C., for the plaintiff, for the motion.

Edmund L. Jones, of Washington, D. C., for defendant Telephone Company, opposed.

Ross O'Donoghue and Samuel K. Abrams, Assistant United States Attorneys, Washington, D. C., for defendant Fay, opposed.

**HOLTZOFF, District Judge.**

It appears from the affidavit of Bernice Franklin submitted in opposition to the motion for an injunction, that one Acolotti, or Alcott, is engaged in gambling activities as a professional gambler. This appears in that affidavit in considerable detail. It also appears in her affidavit that Acolotti transferred the headquarters of his activities to the apartment of the plaintiff in this case, who is seeking the injunction, and, further that Acolotti has been using the plaintiff's telephone for his activities as a professional gambler in violation of the gambling statutes of the District of Columbia.

The plaintiff claims, however, that Bernice Franklin is a paid informer and that, therefore, her testimony should be scrutinized with care and accepted with caution. There is some basis for this contention. It appears, however, that there is corroboration of Bernice Franklin's statement in the affidavits of two law enforcement officers, one of whom, Downey Rice, is a special consultant to the United States Attorney, and the other, Sam Wertleb, is a deputy United States Marshal. Both of them state that at the time that Acolotti was arrested in the plaintiff's apartment they talked to the plaintiff and that she made an admission to them that Acolotti had been using her telephone to take care of his business during the afternoon. There is further corroboration of Bernice Franklin's affidavit in the fact that when Acolotti was arrested in the plaintiff's apartment, and the apartment was searched, a considerable amount of property and papers belonging to Acolotti were found in the plaintiff's apartment, although Acolotti was not living there. Of course, it is an unusual thing for someone to store his business papers and property in somebody else's home when he has a home of his own, especially as evidence contained in the affidavits indicates that these papers and memoranda were material that, at least, was suitable for use in gambling activities, even if there is no proof that it was actually used in gambling activities.

Plaintiff has filed an affidavit denying knowledge of Acolotti's illegal activities and denying that she made admissions to the law enforcement officers to which they have sworn. The Court accepts the statements of the two law enforcement officers as against the plaintiff's statement. The plaintiff's statement that she did not know of Acolotti's activities seems to be somewhat improbable. If she was sufficiently friendly with him so that he would select her home as the place to store his personal memoranda and papers, it would seem astonishing that she would not know about his business affairs.

The Court feels, on weighing the affidavits, that the defendant has established by a preponderance of the evidence that the plaintiff's telephone has been used for illegal purposes, namely, in violation of the gambling statutes of the District of Columbia, and that this illegal use of the telephone has been with plaintiff's knowledge. Accordingly, the Court concludes that the defendant telephone company may lawfully and properly remove the telephone equipment in question and discontinue telephone service to the plaintiff.

The motion for preliminary injunction is denied.